# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50942
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ALONSO RODRIGUEZ GUTIERREZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-115-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alonso Rodriguez Gutierrez pleaded guilty to illegal reentry following deportation, and he was sentenced within the guidelines range to a 24-month term of imprisonment and to a two-year period of supervised release. Rodriguez Gutierrez asserts that the sentence is substantively unreasonable because it is greater than necessary to satisfy the statutory sentencing factors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50942

Where, as here, a defendant fails to object to the reasonableness of the sentence imposed in the district court, our review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Gutierrez disputes that such an objection is required under Federal Rule of Criminal Procedure 51, but he concedes that this question is foreclosed, and he has raised the question to preserve it for possible further review. *See id.*

Rodriguez Gutierrez argues that the guidelines range for his offense is too high "because of the illegal reentry guideline's lack of an empirical basis and the problematic manner in which the Sentencing Commission established the offense levels for illegal reentry." These legal contentions have been rejected. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Rodriguez Gutierrez asserts that the 24-month sentence is greater than necessary to provide an adequate deterrence and fails to account adequately for his personal history and characteristics. His arguments amount to mere dissatisfaction with the district court's weighing of the statutory sentencing factors and are insufficient to rebut the presumption of reasonableness applicable to within-guidelines sentences. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). He has shown no error, plain or otherwise. The judgment is AFFIRMED.